McCLOSKEY, SHERIFF, *v.* McGRATH, ATTORNEY GENERAL, SUCCESSOR TO THE ALIEN PROPERTY CUSTODIAN.

No. 324.   Argued February 28, 1951.—Decided May 28, 1951.

*Sidney Posner* argued the cause and filed a brief for petitioner.

*Ralph S. Spritzer* argued the cause for respondent. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Baynton, James L. Morrisson* and *George B. Searls.*

MR. JUSTICE JACKSON delivered the opinion of the Court.

This case is a dependent companion to the four preceding cases, Nos. 298 and 314, *ante,* p. 446, and Nos. 299

and 315, *ante,* p. 471. The petitioner is the sheriff who levied the attachments involved in those cases. He was impleaded by the Custodian as a party defendant, and his amended answer, after adopting the position of his co-defendants and urging dismissal of the Custodian's petition, as an alternative asked: "That if the Court determines that the petitioner is entitled to possession of the property attached by the Sheriff pursuant to the Zittman and McCarthy attachments, any decree to be entered thereon should provide for payment of the Sheriff's statutory poundage fees arising from said attachments . . . ." His claim was denied by the courts below incidentally to their denial of the rights asserted by the attaching creditors. The District Court said only: "Because the attachments by the sheriff did not transfer any right, title or interest in the blocked property, his application for payment of his fees by the Custodian must be denied." [1] The Court of Appeals affirmed, *per curiam,* on the ground stated by the District Court.[2]

The precise status of the sheriff's claims under New York law, if they have been settled, is not made clear to us by the record, and, under the circumstances of this case, we cannot presume to say, nor could the District Court, what the New York courts would allow to the sheriff.[3] Nor can we ascertain from the record the extent

---

[1] 82 F. Supp. 740, 742–743.

[2] 182 F. 2d 349.

[3] The judgment creditors were entitled to costs of course when judgment was rendered in their favor. N. Y. Civ. Prac. Act § 1470 (11). They were entitled to include in their bills of costs, and hence in their judgments, necessary disbursements, which may include certain sheriff's fees. *Id.* § 1518. For each attachment levy made, the sheriff is entitled to a specified amount ". . . and, also, such additional compensation for his trouble and expenses in taking possession of and preserving the property as the judge issuing the warrant . . ." allows. *Id.* § 1558 (2). There are also other fees for inventory, mileage, and poundage upon the value of the property

to which his fees have been or may be included in the judgments dealt with in the preceding cases. The record does not disclose that they have been allowed or fixed by the judge who issued the attachment warrants. Although the sheriff has never had the attached funds in his possession, there is authority that such lack of physical possession does not deprive him of his right to poundage.[4] Furthermore, the uncertain values of the levies made, in view of their nature as defined in *Commission for Polish Relief* v. *Banca Nationala a Rumaniei*, 288 N. Y. 332, 43 N. E. 2d 345 (1942), and the inability of the sheriff to seize the attached funds, make the determination of the sheriff's fees a matter for the appropriate New York state court. Also, whether those fees constitute separate claims or are taxable costs which become part of the judgments to which they relate is for state court determination.

We have no doubt that, in one form or another, the proper fees of the sheriff should be treated by federal law in the same manner as the attachments and judgments to which they appertain. Therefore, insofar as the accounts held by the Chase Bank were concerned, the Custodian was not entitled to a declaration that the sheriff's fees did not constitute a valid claim. The Cus-

---

attached. *Ibid.* If execution is issued, additional fees accrue, and a schedule of percentages "For collecting money by virtue of an execution, a warrant of attachment, or an attachment for the payment of money in an action or a special proceeding . . ." is provided. *Id.* § 1558 (7). Where "the warrant of attachment is vacated or set aside by order of the court," the sheriff is entitled to poundage and to such additional compensation for taking and preserving the property as the judge who issued the warrant may allow, and the court or judge may issue an order "requiring the party at whose instance the attachment is issued' to pay the same to the sheriff." *Id.* § 1558 (18).

[4] *Distillers Factors Corp.* v. *Country Distillers Products*, 81 N. Y. S. 2d 857, 859.

todian sought no such declaration where the accounts held by the Federal Reserve Bank were concerned, but only asserted that the sheriff's claims could not defeat his right of possession. To preserve the paramount authority of the Federal Government over the frozen funds, we hold they could not. Accordingly, the judgment is reversed insofar as the fees of the sheriff relate to the attachments of the accounts held by the Chase Bank and affirmed insofar as they relate to the accounts held by the Federal Reserve Bank.

This, however, is without prejudice to the right of the sheriff to have the New York courts determine the state law status of his fees, and, in the case of the attachments of the accounts held by the Chase Bank, to have them, as fixed, included in the judgments or otherwise given the same position as such judgments. And no prejudice is intended to his rights, in the case of the attachments of the accounts held by the Federal Reserve Bank, to present his fee claims, as settled by the New York courts, to the Custodian in the same manner and subject to the same procedures as the judgment creditors in Nos. 299 and 315.

*It is so ordered.*

Mr. Justice Clark took no part in the consideration or decision of this case.